tions producing such results—facts and conditions not controverted by complainant, and concerning which no testimony has been offered by him—cannot be held to be unreasonable, will not be adjudged unjust.

The injunction asked for is refused. The bill will be dismissed.

In re LEVY.

(District Court, D. Massachusetts. December 29, 1908.)

No. 14,092.

BANKRUPTCY (§ 384*)—COMPOSITION—MOTION FOR CONFIRMATION.

An application for confirmation of a composition by a bankrupt referred to a referee to ascertain and report as to the reason for the withdrawal of objections, charging the bankrupt with acts which would be a bar to his discharge, and in general as to whether the composition would be for the best interests of creditors; holders of a bare majority in amount of claims scheduled having accepted the same, including probable relatives of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 591, 592; Dec. Dig. § 384.*]

In Bankruptcy. On application for confirmation of composition.

DODGE, District Judge. This bankrupt filed a voluntary petition September 12, 1908, scheduling his total liabilities at $4,529.18 and his assets at $1,500. He had been doing business under the name of Dartmouth Furniture Company at New Bedford. The assets scheduled were stated to consist of his stock in trade, $1,000, and debts due him, amounting to $500. $4,366.68 of his indebtedness is stated as unsecured.

He has now offered in composition 5 per cent. on claims allowed or to be allowed, excepting those entitled to priority, and the referee reports that this has been duly accepted by creditors and the funds required to carry the offer into effect deposited.

The assent signed by creditors who have proved their claims shows that creditors whose claims amount to $2,429.18 in all have assented to the composition, making a majority in number and amount. One of these claims, however, amounts to $2,130, and the creditor who has proved it is Max Levy, of New Bedford. Edward Levy, of New Bedford, has proved a claim of $23.98, and has also assented. The amount of assenting claims other than these two is $275.20. The amount of claims proved by creditors who have not assented is $246.79. The amount of claims scheduled, but not yet proved, is $1,774.39.

Since the application for confirmation was filed here, two creditors have objected and filed specifications of objection. This was on December 17, 1908. On December 22, 1908, both objections were withdrawn. The specifications of objection charged the bankrupt with having obtained property on credit upon a materially false statement

in writing made to the objecting creditor for the purpose of obtaining such property on credit.

I do not think that the proposed composition should be confirmed, under the circumstances which appear, without further inquiry. The application will be sent to the referee to ascertain and report whether anything has been done by or in behalf of the bankrupt to secure the discontinuance of objections to confirmation. His investigation may properly include an inquiry whether Max or Edward Levy are related to the bankrupt, whether they were connected with the withdrawal of the objections, whether there are grounds for believing that the objections were well founded, and what grounds there are for believing that the composition offered will be for the best interests of the creditors.

---

## UNITED STATES v. SIXTY-EIGHT CASES OF SYRUP.

(District Court, E. D. Illinois. October 1, 1909.)

**1. Food (§ 7*)—Labels—Blended Syrup.**

Certain cases containing syrup seized by the United States were branded and labeled "Western Reserve Ohio Blended Maple Syrup, guaranteed absolutely pure, shipped by Western Reserve Syrup Company, Cleveland, Ohio." The bottles were labeled and branded "Western Reserve Ohio Blended Syrup, Western Reserve Syrup Company, Cleveland, Ohio, Blenders of Fancy Maple Syrup and Maple Sugar." *Held* that, construing all the words of the bottle labels together, the same meaning was intended as in the labels on the cases, namely, that the bottles and the boxes contained blended maple syrup.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 7.*]

**2. Pleading (§§ 8, 214*)—Conclusions—Demurrer—Facts Admitted.**

Where a libel to forfeit certain syrup for alleged violation of the food and drug act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1907, p. 928]) stated that the boxes and bottles did not contain a blend of maple syrup, as stated on the labels, but alleged that the contents consisted of a mixture or compound of refined cane sugar flavored with an extract of maple wood, the negation of a blend of maple syrup was a conclusion of the pleader, which was not admitted by a demurrer to the libel.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12-28½, 527; Dec. Dig. §§ 8, 214.*]

**3. Food (§ 7*)—Adulteration—"Blend."**

Food and Drug Act, June 30, 1906, c. 3915, § 8, 34 Stat. 770 (U. S. Comp. St. Supp. 1907, p. 932), provides that an article which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded, if labeled so as to plainly indicate that it is a compound imitation or blend, and the word "blend" is plainly stated on the package, which term shall be construed to mean a mixture of like substances, not excluding harmless coloring or flavoring ingredients used for coloring or flavoring only. *Held* that, where syrup consisting of refined cane sugar flavored with an extract of maple wood was sold under a label describing it as "Western Reserve Ohio Blended Maple Syrup," the word "blend" indicated that the article was a mixture and imitation, and there was therefore no violation of the act.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 1, p. 808; vol. 8, p. 7591.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes